1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6                               SAN JOSE DIVISION

7

8    IN RE SUBPOENA FACETEC, INC.          Case No.  23-mc-80263-VKD
     SUBPOENA TO JUMIO CORPORATION
9    IN THE MATTER:                        Issuing Court Case No.
                                           2:21-cv-02252-RFB-BNW (D. Nev.)
10   FACETEC, INC.,
                                           **ORDER RE JUMIO CORPORATION'S**
11                Plaintiff,               **MOTION TO QUASH SUBPOENA**

12         v.                              Re: Dkt. No. 1
     IPROOV LTD.,
13
                  Defendant.
14

15         Non-party Jumio Corporation ("Jumio") moves to quash and/or for a protective order

16   regarding a subpoena for the production of documents served by FaceTec, Inc. ("FaceTec").

17   Dkt. No. 1.  The subpoena seeks discovery in connection with the matter *FaceTec, Inc. v. iProov*

18   *Ltd.*, No. 2:21-cv-02252-RFB-BNW in the District of Nevada.  *Id.*  In that action, FaceTec asserts

19   claims against iProov Ltd. ("iProov") for patent infringement, breach of contract, and intentional

20   interference with contractual relations.  *See* Dkt. No. 1-2.  For the reasons explained below, the

21   Court grants Jumio's motion for a protective order, in part, and finds the remainder of the motion

22   is moot.

23   **I.    BACKGROUND**

24         FaceTec's subpoena to Jumio seeks the production of three categories of documents:

25                 Request No. 1:  "All COMMUNICATIONS between YOU and
                   iPROOV that REFER or RELATE TO FACETEC."
26
                   Request No. 2:  "DOCUMENTS sufficient to describe and establish
27                 ALL VERIFICATIONS ever performed by or on behalf of JUMIO
                   using an iPROOV ACCUSED INSTRUMENTALITY,
28                 INCLUDING ANY and ALL uses of an iPROOV ACCUSED

United States District Court
Northern District of California

INSTRUMENTALITY to perform a 'liveness detection ... to detect whether a person using a biometric verification method is a live person or a fake, see, e.g., https://www.jumio.com/technology/live-detection/, including documents sufficient to identify (1) the commercial name or designation of the iPROOV ACCUSED INSTRUMENTALITY performing each such VERIFICATION, and (2) the date and result of each such VERIFICATION."

Request No. 3: "DOCUMENTS sufficient to describe any and all payments or things of value provided by JUMIO to iPROOV in connection with any VERIFICATION performed by or on behalf of JUMIO using an iPROOV ACCUSED INSTRUMENTALITY."

Dkt. No. 1-3 at ECF 13-14.

Jumio is a customer of iProov, the defendant in the Nevada action, and its principal argument in support of the motion to quash is that many, if not all, of the documents FaceTec seeks from Jumio could be or should be obtained from iProov. Dkt. No. 1 at 3, 5-8. FaceTec opposes Jumio's motion. Dkt. No. 5. Among other things, FaceTec argues that it has already sought from iProov the documents it seeks from Jumio, but that iProov has refused to produce this information. *Id.* at 7-8.

On November 21, 2023, the Court held a hearing on the motion. Dkt. No. 10. Thereafter, the Court ordered the parties to confer further regarding this dispute and to report back to the Court regarding what aspects of the dispute remain to be decided following their discussion and following an anticipated hearing in the Nevada action on FaceTec's separate motion to compel discovery directly from iProov. Dkt. No. 13.

On January 16, 2024, the parties filed a joint report. Dkt. No. 15. The report advises that "the parties appear to have resolved at least their present dispute with respect to Request for Production Nos. 2 and 3 in FaceTec's subpoena to Jumio." *Id.* at 3. However, with respect to Request No. 1 the report advises that "[t]he parties have not resolved their dispute." In addition, the report advises that the District of Nevada has not yet heard FaceTec's motion to compel discovery from iProov.[1]

---

[1] The docket for the Nevada action reflects that a hearing on FaceTec's motion to compel is set for February 29, 2024. *See FaceTec, Inc. v. iProov Ltd.*, No. 2:21-cv-02252-RFB-BNW (D. Nev.),

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Accordingly, the Court considers and resolves the parties' dispute regarding Request No. 1

2    in FaceTec's subpoena to Jumio.

3    **II.     LEGAL STANDARD**

4    The scope of discovery available by document subpoena under Rule 45 of the Federal

5    Rules of Civil Procedure is the same as the scope of discovery available under Rule 34.

6    *See* Fed. R. Civ. P. 45, advisory committee's note to 1970 amendment (noting that "the scope of

7    discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery

8    rules").  A party may obtain discovery of any non-privileged matter that is relevant to a party's

9    claim or defense in the action, so long as that discovery is also proportional to the needs of the

10   case.  Fed. R. Civ. P. 26(b)(1).  However, Rule 45 also requires "[a] party or attorney responsible

11   for issuing and serving a subpoena [to] take reasonable steps to avoid imposing undue burden or

12   expense on a person subject to the subpoena," and instructs that "the court for the district where

13   compliance is required must quash or modify a subpoena that . . . subjects a person to undue

14   burden."  Fed. R. Civ. P. 45(d)(1)(A), (3)(A).  Additionally, Rule 26 provides that the court must

15   limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some

16   other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P.

17   26(b)(2)(C)(i).

18   **III.    DISCUSSION**

19   Jumio argues that Request No. 1 is overbroad and unduly burdensome, and seeks

20   documents FaceTec can and should obtain from iProov.  Dkt. No. 1 at 5-9.  In addition, Jumio

21   complains that FaceTec served the subpoena for an improper purpose—namely, to obtain

22   documents that it could not obtain in a separate arbitration between FaceTec and Jumio—and that

23   the subpoena is facially invalid because it asks Jumio to produce documents more than 100 miles

24   away from its place of business.  *Id.* at 9-10.

25   Request No. 1 seeks "all communications" between Jumio and iProov that "refer or relate

26   to FaceTec."  Dkt. No. 1-3 at ECF 13.  Documents within the scope of this request should be

27

28   Dkt. No. 81.

United States District Court
Northern District of California

1    within iProov's possession, custody, or control.  Although FaceTec initially argued that it "has

2    *already* sought to obtain this same information from iProov, and that iProov . . . has failed to

3    provide *any* of the requested documents," Dkt. No. 5 at 7, nothing in the record before the Court

4    suggests that FaceTec has asked iProov for documents within the scope of Request No. 1.  Rather,

5    it appears that FaceTec has only served interrogatories on iProov.  *See* Dkt. No. 5 at 7 (citing

6    iProov's responses to interrogatories); Dkt. No. 7 at 2; *see also* Dkt. No. 12 at 34:13-35:3 (hearing

7    transcript).  The Court concludes that it is improper for FaceTec to seek documents from a non-

8    party, such as Jumio, when those documents appear to be available from defendant iProov.  *See*

9    *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no

10   reason to burden nonparties when the documents sought are in possession of the party

11   defendant.").  Absent a showing that iProov does not have the responsive documents, Jumio is

12   entitled to a protective order on this ground alone.

13         Jumio also argues that FaceTec's demand for "all communications . . . referring or relating

14   to FaceTec" is "vastly overbroad."  Dkt. No. 1 at 8.  It argues that many of the communications

15   that fall within this category have nothing to do with FaceTec's claims in the Nevada action.  *Id.* at

16   8-9.  FaceTec does not directly respond to this objection.  The Court agrees with Jumio that, at a

17   minimum, Request No. 1 should be limited by date and/or by subject matter to communications

18   that have something to do with the matters at issue in the Nevada action.  Jumio is entitled to a

19   protective order on this ground as well.

20         Jumio's last two objections may be disposed of easily.  It is not objectionable or improper

21   for a party to seek discovery for use in one action, even if that discovery could not be obtained or

22   used in a different action.  *See In re enTrilogy, LLC.*  No. 22-mc-80134-VKD, 2022 WL 3155412,

23   at *4 (N.D. Cal. Aug. 8, 2022) ("[I]f HID is entitled to obtain documents responsive to its

24   subpoenas in [this] action, it does not matter that it was unsuccessful in its efforts to obtain the

25   same discovery in the state court action.").  Were the Court to order Jumio to produce documents

26   responsive to the subpoena, it could also order that those documents be used only in the Nevada

27   action and not in the separate arbitration between FaceTec and Jumio.  Similarly, the Court could

28   easily resolve the dispute about the location of Jumio's production by requiring it to produce

4

1    documents electronically or at a location within 100 miles of its office.  *See Elsom v. Glob. Life &*

2    *Accident Ins. Co.*, No. 6:17-cv-00407-JR, 2018 WL 4092020, at \*2 (D. Or. Jan. 16, 2018) (noting

3    that "other courts have chosen to modify discovery requests rather than quash them" in similar

4    circumstances).  The Court declines to quash the subpoena on either of these grounds.

5    **IV.    CONCLUSION**

6           For the reasons explained above, the Court grants Jumio's motion for a protective order

7    with respect to Request No. 1 on the ground that the discovery can be obtained from iProov, a

8    party to the Nevada action, and on the ground that the request is overbroad and compliance with it

9    would be unduly burdensome.  Jumio's motion is moot with respect to Requests Nos. 2 and 3.

10          The Clerk of Court is directed to close the file.

11          **IT IS SO ORDERED.**

12   Dated: January 30, 2024

13

14   _____
     VIRGINIA K. DEMARCHI
15   United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

*United States District Court*
*Northern District of California*

5